UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ANTONI M. RONKIEWICZ,

        Plaintiff,

        v.                         Case No. 06-C-0724

COMMISSIONER OF SOCIAL SECURITY,
SECRETARY OF HEALTH & HUMAN SERVICES,

        Defendants.

DECISION AND ORDER DENYING PLAINTIFF'S APPEAL AND DISMISSING CASE

        Antoni Ronkiewicz is seeking judicial review of a final decision by the Commissioner of Social Security denying his application for disability insurance benefits and supplemental security income. Administrative Law Judge Beverly Susler Parkhurst determined that Ronkiewicz is not disabled under the Social Security Act because his impairments did not meet or equal in severity an impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1, and because he retained the residential functional capacity to perform jobs that exist in significant numbers in the national economy. In a two-page brief filed by counsel, Ronkiewicz argues that the Commissioner disregarded treating doctors' assessments. For the reasons set forth below, the denial of benefits will be affirmed because the ALJ's decision is consistent with the law and supported by substantial evidence.

FACTS

        In his application for disability insurance benefits, Ronkiewicz states that he was born on June 18, 1958, and is not a citizen of the United States. (R. 80) He completed the twelfth grade in Poland, and received special training as a mechanic in

1976.  (*Id.*) From 1990-01, he worked as a polishing machine operator.  (R. 88) He asserts that he has not been able to work since June 20, 2001, because of "diabetes + HBP + injury to both shoulders + [he] gets dizzy - left side of heart enlarged."  (R. 87)

Records from October 2000 to December 2001 indicate that Ronkiewicz was treated for high blood pressure and diabetes.  (R. 122-25)

From March 2002 to July 2002, Ronkiewicz complained of pain in his shoulders. (R. 131-136) Dr. Kevin Weidman examined Ronkiewicz on May 16, 2002, and commented that Ronkiewicz was a "robust individual" whose English was "more than passable." (R. 177)  Dr. Weidman noted that Ronkiewicz was tender in the scapular angle region at the attachment of the rhomboids, and that a mild amount of crepitation in the area suggested a tear and scarring.  Additionally, Dr. Weidman noted that Ronkiewicz had a full active range of motion in the shoulders and no signs of impingement.  (*Id.*)  X-rays were negative for fracture or dislocation. (R. 175) Consequently, Dr. Weidman ordered an MRI scan which revealed a partial tear involving the supraspinatus tendon.  (R. 172)  The impression was mild tendinosis in the supraspinatus tendon and mild bursitis.  (*Id.*) Consequently, Dr. Weidman injected the tender areas with Celestone and Marcaine.  (R. 169)

On July 23, 2002, Ronkiewicz had an echocardiogram, which was normal in rest mode.  Functional capacity was average and the test was equivocal for ischemia. (R. 137)

In August of 2002, Ronkiewicz complained that he had difficulty breathing through his nose and equalizing pressure in both ears.  According to Ronkiewicz, he had broken his nose 24 years prior in Poland.  (R. 139)   Dr. Jefferson Calimlim admitted

2

Ronkiewicz to the hospital on August 23, 2003, for nasal septoplasty and bilateral submaxillary reduction in the inferior turbinates. (R. 140) Ronkiewicz tolerated the procedure well, and demonstrated improved thresholds in his hearing as a result of the surgery. (R. 140-42, 161)

In October of 2002, a state agency physician reviewed Ronkiewicz' medical history and concluded that Ronkiewicz could perform medium work involving occasionally lifting/carrying 50 pounds and frequently lifting/carrying 25 pounds. (R. 153-160)

In February of 2003, Ronkiewicz continued to have pain in the posterior right shoulder area. Dr. Weidman felt that an operative approach was unlikely to improve the symptoms. (R. 168) Dr. Weidman recommended physical therapy with stretching and strengthening to improve Ronkiewicz' discomfort. (*Id.*) The doctor observed a full range of motion in the shoulders, good strength, and detected no atrophy. (*Id.*)

Around the same time, Ronkiewicz was referred to Dr. James A. Leibsohn for evaluation of increasing shortness of breath and possibly chest tightness. (R. 184) Dr. Leibsohn noted risk factors, but recommended an echocardiogram to confirm cardiac enlargement. (*Id.*) The echocardiogram was remarkable only for mild enlargement of the left ventricle. (R. 183) There was no evidence of any chamber enlargement. (*Id.*, 180) A stress test was negative by ECG criteria, although mild chest discomfort was described at peak exercise. (R. 180) In addition, the myocardial perfusion study and gated SPECT study were within normal limits. (R. 181)

In April of 2003, a second state agency physician reviewed Ronkiewicz' medical records. (R. 203, 205) He concluded that Ronkiewicz could perform medium work with limited ability to engage in reaching all directions. (*Id.*)

3

In March of 2004, Ronkiewicz slipped and fell on the ice while walking home thereby injuring his shoulder and ankle. (R. 253) Dr. Weidman observed subacromial crepitus (grating, crackling, or popping sounds) in the right shoulder but no specific instability or lateral pain. (*Id.*) Dr. Wiedman further observed tenderness in the ankle with a palpable hypertrophy of the bone at the site of the proposed fracture. (*Id.*) In June of 2004, arthroscopy and debridement of the impinging soft tissues in Ronkiewicz' right ankle were performed by Dr. Weidman without complications. (R. 251-52)

Ronkiewicz underwent physical therapy in November and December of 2004. (R. 237) The therapist noted that he tolerated all modalities and strengthening exercises well, but complained of pain when fatigued. (*Id.*)

In a progress note dated January 27, 2005, Dr. Liebsohn wrote that Ronkiewicz had a catherization in February of 2004, which was "completely unremarkable in terms of left ventricular size, function, ejection fraction and coronaries." He further noted:

> I had explained then to Toni that he almost certainly had no cardiac disease and certainly the shortness of breath was not related to cardiac dysfunction. Toni drops in today and mentions to me that he continues feeling quite short of breath over the past couple of weeks and wonders whether we should repeat a stress test. Toni tells me that he does get shortness of breath with exertion but also mentions that he is short of breath at night frequently. He denies experiencing any wheezing.

(R. 238) Leibsohn's examination was unremarkable, and he wrote that Ronkiewicz did not have cardiac disease to explain the shortness of breath. (*Id.*)

Next, on February 8, 2005, Dr. Weidman again observed a full range of motion in the shoulder on Ronkiewicz' right side. (R. 239) While Ronkiewicz was "tender

4

posteriorly over the origin of the supraspinatus and infraspinatus along its origin at the medial scapular border," he otherwise had good strength and minimal atrophy. (*Id.*) Ronkiewicz reported some feelings of weakness in the right ankle. (*Id.*) Dr. Weidman opined that Ronkiewicz could perform light duty work with weight restrictions at 20 pounds in both hands and should avoid working overhead. (*Id.*) Sedentary work would be appropriate, and Ronkiewicz should avoid prolonged standing of greater than an hour without a rest due to the problem with his ankle. (*Id.*) No further treatment was needed. (*Id.*)

Finally, on February 7, 2005, Dr. Varshney provided a handwritten note addressed to "Social Security Disability Benefits." (R. 236) The note was not on letterhead or any other type of professional correspondence. The note reads as follows:

> Mr. Antoni Ronkiewicz is under my care for the following chronic illnesses: Diabetes, Hypertension, Hypercholesterolemia + Arthritis. They are all chronic diseases that require medications for a lifetime. He takes Lantus Insulin, Glyburide, Aspirin, Altace, Lipitor, Ultracet + Xanax. The diabetes is under fair to poor control at times. He suffers from arthritis/diffuse arthrolgias for which he is being sent to Rheumatology for further evaluation. These ailments will proceed for > 12 months. If you have any questions, please call me at 935-8000.

Dr. Varshney wrote a second letter dated March 22, 2005, which states as follows:

> I am writing this letter on behalf of Mr. Antoni Ronkiewicz. His DOB is 6/18/1958. He is under my care for the following chronic illnesses: Diabetes, Hypertension, Hypercholesterolemia, Arthritis and Anxiety. They are all chronic diseases that require medications for a lifetime. He takes Lantus Insulin, Glyburide, Aspirin, Altace, Lipitor, Ultracet and Xanax. The diabetes is under fair to poor control. He suffers from diffuse arthralgias, including his knees bilaterally, hand joints and right shoulder. In fact, he was attacked by two

5

> men in 1999 and hurt his right shoulder. Surgery was introduced at the time, but circumstances did not allow for it. He suffers from anxiety and nervousness constantly, and does not feel that he can work with people. He is also very depressed because of his current situations and current medical ailments. These ailments will persist for more than twelve months. If you have any questions, please call me at 935-8000.

The ALJ conducted a hearing on March 1, 2005, at which time vocational expert John R. Schroeder testified. (R. 319-327) The ALJ asked the VE whether a hypothetical individual, "47 years old with a twelfth grade education, high school diploma, with an unskilled, light work background," could perform any work in the economy if that person were limited to light work with limited overhead reaching and a sit/stand option. (R. 322) In response, the VE indicated that such an individual would be unable to perform Ronkiewicz' past relevant work, but could perform a significant number of unskilled light jobs, including 4,500 assembler positions, 2,500 packager positions, and 1,300 inspector positions. (R. 323) In addition, the VE provided examples of jobs consistent with Ronkiewicz' own testimony regarding his limitations (lifting up to 5 pounds, standing one hour and sitting for one hour), including 3,000 assembler positions, 1,200 packager positions, and 1,100 inspector positions. (R. 323-324)

On February 3, 2006, the ALJ issued the determination that Ronkiewicz was not entitled to a period of disability and disability insurance benefits. (R. 23) Following the five sequential steps laid out in 20 C.F.R. § 404.1520(a)-(f), the ALJ found that (1) Ronkiewicz has not engaged in substantial gainful activity since the alleged onset date; (2) has severe impairments, including partial tear of the right shoulder rotator cuff, ligament injury to right ankle, status post surgery, diabetes, hypertension, and anxiety (controlled by

6

medication); (3) has impairments, considered individually and in combination, which do not meet or equal in severity any impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) cannot perform any past relevant work; and (5) has the residual functional capacity to perform jobs that exist in significant numbers in the national economy. Further, the ALJ concluded that the testimony regarding Ronkiewicz' pain and functional limitations was not fully credible.

After the ALJ issued the determination and Ronkiewicz appealed to this court, he forwarded a report prepared by Dr. Kevin Weidman dated September 11, 2006. (Doc. # 8) The report by Dr. Weidman noted a biceps tendon rupture with atrophy of the subscapularis muscle.

## ANALYSIS

In reviewing a disability case, the district court is limited to determining whether the final decision of the Commissioner is both supported by substantial evidence and based on the proper legal criteria. *Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir.1995), quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court must not attempt to reweigh the evidence, resolve material conflicts, or reconsider facts or the credibility of witnesses. *Cannon v. Apfel*, 213 F.3d 970, 974 (7th Cir. 2000).

In his brief, Ronkiewicz argues that the Commissioner disregarded his "doctors assessments" of disability. He neither identifies the doctors nor cites to their assessments of disabilities. Moreover, Ronkiewicz' reply brief asserts that "no one has contradicted Dr. Varshney's assessment of Mr. Ronkiewiecz [sic] disabilities" and that

Varshney provided treatment notes and prescribing medications. (Doc. # 13, p. 3) However, Ronkiewicz fails to support these arguments with any citations to the records. Having reviewed the ALJ's determination and the medical opinions and evidence in the record, the court finds that the ALJ applied the proper legal criteria and the decision is supported by substantial evidence.

An ALJ must "give controlling weight to the medical opinion of a treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence." *Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006) (internal quotations omitted). When a treating physician's views do not meet this standard, the ALJ may discount the opinion because "a claimant is not entitled to disability benefits simply because her physician states that she is 'disabled' or unable to work." *Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir. 2001).

The ALJ gave controlling weight to the medical opinions and evidence in the record. The ALJ first discussed each of the treating physicians and their treatment before identifying the following severe impairments: "partial tear of the right shoulder rotator cuff, ligament injury to right ankle, status post surgery, diabetes and hypertension." One of the treating physicians, Dr. Weidman, consulted with Ronkiewicz over a span of three years. A month before the hearing, Dr. Weidman found Ronkiewicz capable of light duty work in but imposed a weight restriction of 20 pounds in both hands and recommended that he avoid working overhead. He further recommended that Ronkiewicz avoid prolonged standing of greater than an hour without rest because of his ankle. This assessment was appropriately weighed by the ALJ, and certainly more charitable to Ronkiewicz than the

8

opinions of the state medical examiners who twice found Ronkiewicz capable of performing medium work.

In the records, Dr. Weidman commented several times on Ronkiewicz' full range of shoulder motion. Numerous cardiac tests were essentially normal. In addition, Ronkiewicz tolerated physical therapy well. Ronkiewicz testified at the hearing that he could lift up to five pounds, walk two blocks, sit for one hour at a time and stand for one hour at a time. (R. 313) Further, the VE testified that a person limited to light work with limited overhead reaching and a sit/stand option could perform a significant number of unskilled light jobs.

With respect to Dr. Varshney, the two reports in the record do not contradict the RFC assessment. The "severe impairments" identified by the ALJ are consistent with those noted by Dr. Varshney. Although Dr. Varshney stated that these ailments would last longer than twelve months, he never provided functional restrictions. Moreover, the court is not aware of any other progress notes or test results in the record that provide a basis for assessing the severity of the anxiety or the "situational depression" identified by Dr. Varshney. Hence, the ALJ properly considered and weighed Dr. Varshney's opinion as well as those of other treating physicians, and the weighting of these opinions is supported by substantial evidence.

As a final matter, Ronkiewicz has not asked this court for a sentence six remand based on new and material evidence. *See* 42 U.S.C. § 405(g). Nevertheless, he has submitted a report which postdates the determination by the ALJ. Regardless, the bicep tendon tear discussed in Dr. Kevin Weidman's September 11, 2006, report is

9

relevant to the time of Ronkiewicz' disability determination or indicative, without more, of Ronkiewicz' inability to perform a restricted range of sedentary and light work.

Now, therefore,

IT IS ORDERED that plaintiff Antoni Ronkiewicz' appeal of the Commissioner's denial of his application for disability insurance benefits and supplemental security income under the Social Security Act is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE